UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORISKA INSURANCE COMPANY and
U.S. MANAGEMENT, INC.,

                                        Plaintiffs,

               v.                                        5:03-CV-1481

THE POWER P.E.O., INC., et al.,

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                            OF COUNSEL:

KERNAN PROFESSIONAL GROUP, L.L.P.       LEIGHTON R. BURNS, ESQ.
Attorneys for Plaintiff Oriska Insurance Co.   ELIZABETH ANNE BURNS, ESQ.
1310 Utica Street
P.O. Box 750
Oriskany, New York 13424

BEILIS & POLS, P.C.                     DONALD J. POLS, ESQ.
Attorneys for Plaintiff U.S. Management, Inc.
Suite 800
213 West 35th Street
New York, New York 10001

FLINT & GRANICH                         CHRISTOPHER P. FLINT, ESQ.
Attorneys for Defendant The Power P.E.O., Inc.,
  and The Power P.E.O. of New York, Inc.
80 Wolf Road
6th Floor
Albany, New York 12205

MURRAY J.S. KIRSHTEIN, ESQ.
Attorney for Defendants TigerLines,
  Inc., Diversified Metallurgic Services, Inc.,
  Bomatic, Inc., and Seville Olive Company
118 Bleecker Street
Utica, New York 13501

SONNEBORN, SPRING & O'SULLIVAN, P.C.    JAMES L. SONNEBORN, ESQ.
Attorneys for Defendants Pacific American
  Fish Company and Facilities Support Services

316 South Clinton Street
Syracuse, New York 13202

ROEMER WALLENS & MINEAUX L.L.P.          MATTHEW J. KELLY, ESQ.
Attorney for Thirty-Nine Defendants[1]
13 Columbia Circle
Albany, New York 12203

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. BACKGROUND

Plaintiffs Oriska Insurance Company ("Oriska") and U.S. Management, Inc., ("U.S. Management") (collectively "plaintiffs") bring this action against defendants The Power P.E.O., Inc., and several of its subsidiaries (collectively "Power P.E.O."), and various employers ("employer defendants") allegedly covered by a worker's compensation insurance policy issued by Oriska to U.S. Management and Power P.E.O. ("policy").  Plaintiffs assert claims for (1) false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (2) declaratory relief, (3) breach of contract, (4) fraud, and (5) an accounting of Power P.E.O.'s profits.  In addition to declaratory relief and an accounting of profits, plaintiffs seek a permanent injunction and monetary damages.

---

[1] American Textile Maintenance; Apex Bulk Commodities; Apex Bulk Commodities (CA); Braun Linen Service, Inc. (Pamona); Braun Linen Services, Inc. (Paramount); C.C.L. Insurance; Certified Tire & Service Centers, Inc.; Discount Tire Centers; Evans Dedicated Systems, Inc.; G B & L Corporation; Hallmark Meat Packing, Inc.; Hartwick & Hand, Inc.; Ivestruck; Janico Building Maintenance, Inc.; JB Wholesale Roofing & Building Supplies; M & N Coastline Auto & Tire Service; Master Serv, Inc.; McGrath Moving & Storage, Inc.; Mike Campbell & Associates, Ltd.; Pacific Master Services, Inc.; Pacific Security Systems, Inc.; Phillip Transport, Inc.; Plasticorp, Inc.; R.F. White Co., Inc.; Ridgeline Construction, Inc.; Roto Rooter Plumbers; Scher Tire, Inc.; Southwest Trails; Southwest Trails (AZ); TCI Leasing, Inc. (AZ); TCI Leasing, Inc. (CA); TCI Transport Services, Inc.; TCI Transport Services, Inc. (AZ); TCI Transport Services, Inc. (NV); Thomas Zook; Trans Valley Transport, Inc.; United Syatt American Corporation; University Meat, Inc.; and USA Express.

Familiarity with the factual and procedural background of this case is presumed.

See Oriska Ins. Co. v. Power P.E.O., Inc., 317 F. Supp. 2d 161 (N.D.N.Y. April 28, 2004)

(Dock. No. 60); Oriska Ins. Co. v. Power P.E.O., Inc., 352 F. Supp. 2d 291 (N.D.N.Y. Dec. 8,

2004) (Dock. No. 122).  However, in light of several recent developments, some additional

background is required.

In August 2004, Oriska signed a Stipulation and Waiver in connection with the

Cease and Desist Order issued by the California Department of Insurance ("CDI") in April

2003.  Pursuant to the Stipulation and Waiver, Oriska agreed to waive its right to a hearing in

connection with the Cease and Desist Order and abide by its terms in exchange for

settlement of the underlying matter with CDI.  Paragraph five of the Stipulation and Waiver

provides:

> Oriska stipulates that it has paid or arranged for the payment of the
> claims set forth in Schedule A, and will pay or arrange for the payment of
> all current open claims; provided, however, this agreement to pay claims
> is without prejudice to Oriska's contractual right to recover any payments
> made by it within the deductible of the policy issued by Oriska.

(PAFC and FSS Notice of Mot. Ex. E.)  Schedule A lists all of the worker's compensation

claims filed against the policy by employees of the employer defendants.

In September 2004, plaintiffs filed a second amended complaint.

In April 2006, a default judgment was entered against forty-three non-appearing

employer defendants, leaving fifty-four employer defendants in this action.

Forty-one of the remaining employer defendants ("moving defendants") now move

for a declaratory judgment and/or summary judgment under Federal Rules of Civil Procedure

56 and 57.  Thirty-nine of the moving defendants[2] move for a declaratory judgment under Rule 57.  Plaintiffs oppose.  The other two moving defendants[3] move for summary judgment and a declaratory judgment under Rule 56 and 57.  Plaintiffs oppose.  The motions, which were taken on submit without oral argument, are substantially similar and therefore will be referred to collectively unless otherwise noted.

## II. <u>DISCUSSION</u>

Despite the moving defendants' characterization of their motions as motions for a declaratory judgment, their motions are more properly characterized and will be treated as motions for summary judgment in an action for a declaratory judgment.

Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986); <u>Silver v. City Univ. of New York</u>, 947 F.2d 1021, 1022 (2d Cir. 1991).  "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law."  <u>Rodriguez v. City of New York</u>, 72 F.3d 1051, 1060-61 (2d Cir. 1995).  A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); <u>R.B. Ventures, Ltd. v. Shane</u>, 112 F.3d 54, 57 (2d Cir. 1997).  In

---

[2] <u>See</u> note 1 <u>supra</u>.

[3] Facilities Support Services, Inc., and Pacific American Fish Company.

determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); <u>Gibbs-Alfano v. Burton</u>, 281 F.3d 12, 18 (2d Cir. 2002).

The moving defendants move for summary judgment on the ground that Oriska is obligated to pay or arrange for the payment of the claims listed in Schedule A of the Stipulation and Waiver.

Paragraph five of the Stipulation and Waiver clearly provides that "Oriska stipulates that it has paid or arranged for the payment of the claims set forth in Schedule A, and will pay or arrange for the payment of all current open claims." (PAFC and FSS Notice of Mot. Ex. E.)  Moreover, Oriska does not dispute that it is so obligated.  Oriska does dispute, however, that by signing the Stipulation and Waiver it necessarily admitted that the moving defendants were or are covered under the policy.  Turning again to the language of the Stipulation and Waiver, it is clear that Oriska did not admit to the existence of such coverage.  Nor did Oriska, by signing the Stipulation and Waiver, waive any claims against Power P.E.O.  In fact, paragraph five of the Stipulation and Waiver provides that Oriska's "agreement to pay claims is without prejudice to Oriska's contractual right to recover any payments made by it within the deductible of the policy issued by Oriska." <u>Id</u>.  Thus, plaintiffs' claims against Power P.E.O. are not affected in any way by the Stipulation and Waiver.

The fact that Oriska agreed to pay or arrange for the payment of the claims in Schedule A of the Stipulation and Waiver renders moot any issues between it and any of the employer defendants in this action.  Indeed, plaintiffs' second amended complaint is directed almost entirely toward Power P.E.O.  (<u>See</u> Pls.' Second Am. Compl.)  The only portion of the

complaint that implicates any of the employer defendants is plaintiffs' request for a declaratory judgment setting forth "the rights, obligations, and terms of the Policy." Id. ¶ 44. Thus, the moving defendants' motions will be granted and they will be dismissed from this action, and the non-moving employer defendants will be dismissed from this action sua sponte.

## III. CONCLUSION

The employer defendants will be dismissed from this action because the issues between them and Oriska were resolved when Oriska signed the Stipulation and Waiver agreeing to pay their claims. However, neither Oriska's agreement to pay their claims nor their dismissal from this action affects Oriska's rights to pursue its claims against Power P.E.O.

Accordingly, it is

ORDERED that

1.  The moving defendants' motions for summary judgment and/or a declaratory judgment are GRANTED;

2.  Plaintiffs' claims against them are DISMISSED; and

3.  Plaintiffs' claims against the thirteen non-moving employer defendants are DISMISSED sua sponte.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  November 7, 2007
        Utica, New York.

- 6 -