UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORISKA INSURANCE COMPANY and
U.S. MANAGEMENT, INC.,

                            Plaintiffs,

          v.                             5:03-CV-1481

THE POWER P.E.O., INC., et al.,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

KERNAN & KERNAN, P.C.             LEIGHTON R. BURNS, ESQ.
Attorneys for Plaintiff Oriska Insurance Company
258 Genesee Street
Suite 600
Utica, New York 13502

KERNAN PROFESSIONAL GROUP, L.L.P.    DAVID A. BAGLEY, ESQ.
Attorneys for Plaintiff Oriska Insurance Company
1310 Utica Street
P.O. Box 750
Oriskany, New York 13424

BEILIS & POLS, P.C.                    DONALD J. POLS, ESQ.
Attorneys for Plaintiff U.S. Management, Inc.
Suite 800
213 West 35th Street
New York, New York 10001

FLINT & GRANICH                       CHRISTOPHER P. FLINT, ESQ.
Attorneys for Defendants The Power P.E.O., Inc.,
  and The Power P.E.O. of New York, Inc.
80 Wolf Road
6th Floor
Albany, New York 12205

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. BACKGROUND

Plaintiffs Oriska Insurance Company ("Oriska") and U.S. Management, Inc., ("U.S. Management") (collectively "plaintiffs") bring this action against defendants The Power P.E.O., Inc., and several of its subsidiaries (collectively "Power P.E.O.").

Familiarity with the factual and procedural background of this case is presumed. See Oriska Ins. Co. v. Power P.E.O., Inc., No. 5:03-CV-1481 (N.D.N.Y. filed Nov. 7, 2007) (Dock. No. 192); Oriska Ins. Co. v. Power P.E.O., Inc., 352 F. Supp. 2d 291 (N.D.N.Y. Dec. 8, 2004) (Dock. No. 122); Oriska Ins. Co. v. Power P.E.O., Inc., 317 F. Supp. 2d 161 (N.D.N.Y. April 28, 2004) (Dock. No. 60). However, some additional background is required.

In May 2005, plaintiffs and Power P.E.O. executed a "Settlement and Release Agreement" ("May 2005 settlement agreement") in an effort "to resolve their disputes with one another and agree to . . . settlement of all disputes." (Kernan Aff. Ex. G at 2.) Specifically, the May 2005 settlement agreement provides that this action, as well as a related action filed in California state court, "shall be dismissed or discontinued as the case may be with prejudice, with each side to bear their own costs and expenses." Id. at 3. Further, section 2.2 of the agreement provides that

> In the event that the clams paid by ORISKA plus agreed upon case reserves (by ORISKA and POWER) on the Oriska and ICA policy covering POWER and related entities shall not exceed $2,140,000 as of June 30, 2005, ORISKA shall promptly return the difference between the paid claims and agreed upon case reserves and $2,140,000 to Power forthwith. In the event that claims paid by the ORISKA plus agreed upon case reserves exceed $2,140,000 as of June 30, 2005, then Power shall reimburse ORISKA 70% of the amount that such paid claims and agreed upon case reserves exceed the sum of $2,140,000.

Id.

The May 2005 settlement agreement did not result in the immediate discontinuance of this action because at that time there were scores of other defendants ("employer defendants") involved in the action and none of them were a party to that agreement. Moreover, at oral argument Oriska's counsel indicated that at that time the figures with respect to the amount of claims paid by Oriska and the amount of claims still outstanding were unclear.

In April 2006, a default judgment was entered against forty-three of the employer defendants that made no appearance. (See Docket No. 146-47.) By a Memorandum-Decision and Order dated November 7, 2007, motions for summary judgment made by forty-one of the employer defendants were granted and those defendants were dismissed from the action. Oriska Ins. Co. v. Power P.E.O., Inc., No. 5:03-CV-1481 (N.D.N.Y. filed Nov. 7, 2007) (Dock. No. 192). By the same Memorandum-Decision and Order, the remaining thirteen employer defendants were dismissed from the action sua sponte.

For reasons unknown, plaintiffs and Power P.E.O. did not, at that time, seek to discontinue this action, despite the fact that all of the employer defendants had been dismissed. Rather, in December 2007, Power P.E.O. filed an answer to plaintiff's second amended complaint, asserting as an affirmative defense that "[a]ll dispute(s) regarding the transactions and or alleged transactions referenced in the Second Amended Complaint were settled by and between the parties, pursuant to a written agreement." (Def. Power P.E.O.'s Answer ¶ 6.) Power P.E.O. does not dispute that the "written agreement" alluded to in its answer is the May 2005 settlement agreement; indeed, it is quite clear that it is.

Plaintiffs now move for summary judgment under Federal Rule of Civil Procedure 56 asking that this court (1) dismiss this action based on the May 2005 settlement

agreement, and (2) enforce section 2.2 of that settlement agreement. Power P.E.O. opposes.

Power P.E.O. cross-moves to dismiss and for summary judgment under Rules 12(b) and 56, respectively, asking that this court dismiss this action based on the May 2005 settlement agreement without enforcing section 2.2 of that settlement agreement. Plaintiffs oppose.

Oral argument was heard on August 8, 2008, in Utica, New York. Decision was reserved.

## II. STANDARDS OF REVIEW

### A. Rule 56 Motions for Summary Judgment

A Rule 56 summary judgment motion will be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986); Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991). The court will not try issues of fact on a motion for summary judgment, rather it will determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [fact finder]

- 4 -

could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997).  In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002).

### B. Rule 12(b)(6) Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss, the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor.  Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995).  However, factual allegations must be distinguished from "[c]onclusory allegations or legal conclusions masquerading as factual conclusions," as the latter will not be accepted as true.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks omitted).  The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  In more definite terms, a plaintiff's complaint will be dismissed for legal insufficiency only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).

## III. DISCUSSION

Since the parties' obligations under section 2.2 of the May 2005 settlement agreement are unambiguous and Oriska has shown that 70% of the claims it paid in excess

of $2,140,000 amounts to $2,401,978.54 – indeed, Power P.E.O. does not dispute that figure – the sole question for consideration is whether this District Court has jurisdiction to enforce the May 2005 settlement agreement.

Federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2. The subject matter jurisdiction of district courts is limited to "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Federal claims and other claims form part of the same case or controversy under § 1367(a) if they "derive from a common nucleus of operative fact," United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966). See Achtman v. Kirby, McInerney & Squire, L.L.P., 464 F.3d 328, 335 (2d Cir. 2006); Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251, 254 (2d Cir. 1991).

This District Court has original subject matter jurisdiction over plaintiffs' Lanham Act claim, and supplemental jurisdiction over plaintiffs' related state law claims because they derive from a common nucleus of operative fact: Power P.E.O.'s issuance of worker's compensation insurance policies to employers outside of New York, and alleged representation that it was authorized to issue such policies.

Plaintiffs contend that this District Court also has supplemental jurisdiction over the May 2005 settlement agreement and, thus, may enforce its terms. Power P.E.O. has asserted an affirmative defense based on the May 2005 settlement agreement. It claims that because of the release terms in that settlement agreement, plaintiffs' complaint must be

dismissed. Therefore, since Power P.E.O. has asserted an affirmative defense seeking to enforce the May 2005 settlement agreement and the facts underlying the formation, content, and legal ramifications of that settlement agreement, namely the parties' obligations under section 2.2, are closely associated with those underlying plaintiffs' federal claim, this District Court has supplemental jurisdiction of that settlement agreement.

Power P.E.O. relies on Kokkonen v. Guardian Life Inc. Co., 511 U.S. 375, 114 S. Ct. 1637 (1994), for the contention that this District Court needs a separate and independent basis for exercising jurisdiction over the May 2005 settlement agreement. In Kokkonen, the parties entered into a settlement agreement and executed a "Stipulation and Order of Dismissal with Prejudice." The stipulation and order made no mention of the settlement agreement. The district court "so-ordered" the stipulation and order dismissing the action without incorporating the terms of the settlement agreement by reference or expressing its intention to retain jurisdiction over that agreement. Later, the parties disagreed on their obligations under the settlement agreement and one of them moved in the same district court to enforce that agreement. The district court considered the motion and entered an enforcement order, citing its inherent power to do so. On appeal, the Court of Appeals for the Ninth Circuit affirmed the district court's actions based on that its inherent power to exercise jurisdiction over the settlement agreement. The Supreme Court reversed, holding that because the "so-ordered" stipulation and order did not incorporate the terms of the settlement agreement or express the district court's intention to retain jurisdiction over that agreement, "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."

Clearly, Kokkonen does not stand for the proposition that courts always need a separate and independent basis for exercising jurisdiction over settlement agreements. Moreover, this case differs from Kokkonen in at least one very important respect: this action has not been dismissed. Thus, Power P.E.O.'s argument based on Kokkonen is unpersuasive.

This case presents a somewhat anomalous situation. Typically, when parties enter into a settlement agreement they submit to the court a stipulation and proposed order to dismiss the action which the court "so-orders," dismissing the action. In most cases (excepting, of course, Kokkonen), the court expressly incorporates the settlement terms in the dismissal and retains jurisdiction over the settlement agreement. In the event of a non performance or a disagreement over the terms of the agreement, one or both parties may make a motion in the same court to enforce the settlement agreement.

In this case, the parties entered into a settlement agreement in May 2005 whereby they agreed to discontinue this action and perform the obligations set forth in section 2.2 (see Pt. I supra). However, the parties never submitted to this court a stipulation and proposed order to dismiss. Rather, plaintiffs now move for summary judgment asking this court to (1) dismiss the action based on the release terms of the May 2005 settlement agreement; and (2) incorporate and enforce the settlement terms, while Power P.E.O. now cross-moves for summary judgment asking this court to dismiss the action based on the release terms of the May 2005 settlement agreement without incorporating or enforcing the settlement terms.

Thus, since both parties seek to enforce the May 2005 settlement agreement, supplement jurisdiction will be exercised over that entire settlement agreement, including its release and settlement terms. Power P.E.O. has offered no authority for the proposition that

- 8 -

this District Court may accept jurisdiction over part of the May 2005 settlement agreement (i.e., the release terms) while refusing to accept jurisdiction over another part of that same agreement (i.e., the settlement terms).

Also, in light of the anomalous set of circumstances in this case, and the fact that dismissal without enforcement will only result in another motion or action by plaintiffs seeking an enforcement order based on the same evidence, it is in the interests of judicial economy and necessary to prevent the waste of scarce public resources that this District Court not only dismiss the action but also enforce the terms of the May 2005 settlement agreement. (As stated above, there is no dispute as to the amount owed Oriska under the May 2005 settlement agreement.)

Therefore, both parties' motions will be granted to the extent that they seek dismissal of this action based on the May 2005 settlement agreement, and plaintiffs' motion will be granted to the extent that it seeks the enforcement of section 2.2 of that agreement.

## IV. **CONCLUSION**

Accordingly, it is

ORDERED that

1. Plaintiffs' motion and defendant Power P.E.O.'s cross-motion to dismiss the second amended complaint is GRANTED and all of the terms of the May 2005 settlement agreement are incorporated in the dismissal with jurisdiction over the May 2005 settlement agreement being retained for purposes of enforcing that settlement agreement;

2. Plaintiffs' motion for summary judgment to enforce the May 2005 settlement agreement is GRANTED;

   3. Defendant Power P.E.O., Inc. is directed to pay to plaintiff Oriska Insurance Company the sum of $2,401,978.54;

   4. Judgment shall be entered in favor of the plaintiff Oriska Insurance Company and against the defendant Power P.E.O., Inc. in the sum of $2,401,978.54; and

   5. Based upon the above, the second amended complaint is DISMISSED in its entirety.

   The Clerk is directed to enter judgment accordingly.

   IT IS SO ORDERED.


Dated: August 25, 2008

    Utica, New York.

_____
United States District Judge